IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MYERS TEAM MANAGEMENT,

    Plaintiff,

v.       1:16-cv-4465-WSD

TRANEA MANNING,

    Defendant.

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge J. Clay Fuller's Final Report and Recommendation ("R&R") [2], which recommends remanding this dispossessory action to the Magistrate Court of Gwinnett County, Georgia.

**I.   BACKGROUND**

In November 2016, Plaintiff Myers Team Management ("Plaintiff") initiated a dispossessory proceeding against its tenant, Defendant Tranea Manning ("Defendant") in the Magistrate Court of Gwinnett County, Georgia.[1]

On November 28, 2016, Defendant filed, in the Magistrate Court of Gwinnett County, her "Dispossessory Answer" ("Answer"). (See [1.1] at 11).

---

[1] No. 16M33460. The Court notes that Defendant did not attach a copy of Plaintiff's Complaint to her Notice of Removal.

On December 2, 2016, Defendant, proceeding *pro se*, removed the Gwinnett County action to this Court by filing her Notice of Removal and an application to proceed *in forma pauperis* ("IFP") [1].  Defendant appears to assert that there is federal subject matter jurisdiction because there is a question of federal law in this action.  In her Notice of Removal, Defendant claims that Plaintiff violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), the Fair Housing Act, 42 U.S.C. § 3631 et seq., and Rule 60 of the Federal Rules of Civil Procedure.  (Notice of Removal [1.1] at 1).  Defendant claims further that the Court "has the legal duty to abort eviction pursuant to O.C.G.A. [§] 51-1-6 and 15 U.S.C. § 1692."  (Id.).

On December 7, 2016, Magistrate Judge Fuller granted Defendant's application to proceed IFP and considered, *sua sponte*, whether there is federal subject matter jurisdiction over this case.  Because Defendant instead attached a copy of her Answer, the Magistrate Judge reviewed this pleading, along with Defendant's claims in her Notice of Removal, and concluded that Plaintiff's state court Complaint asserts a dispossessory action and does not allege federal law claims.[2]

---

[2]    The Court notes that Defendant's Notice of Removal is procedurally defective because Defendant failed to attach a copy of Plaintiff's Complaint, in

The Magistrate Judge found further that, because it is clear from Defendant's Answer that this is a dispossessory action, federal subject matter jurisdiction was not present and recommended that the Court remand the case to the Magistrate Court of Gwinnett County.  (R&R at 1 n.1).  Because a federal law defense or counterclaim does not confer federal jurisdiction, the Magistrate Judge concluded that the Court does not have federal question jurisdiction over this matter.  Although not alleged in her Notice of Removal, the Magistrate Judge also considered whether the Court has subject-matter jurisdiction based on diversity of citizenship.  The Magistrate Judge found that Defendant failed to allege any facts to show that the parties' citizenship is completely diverse, or that the amount in controversy exceeds $75,000.  The Magistrate Judge concluded that the Court does not have diversity jurisdiction over this matter and recommended that this case be remanded to the state court.

There are no objections to the R&R.

---

violation of 28 U.S.C. § 1446(a).  See 28 U.S.C. § 1446(a) (requiring a removing defendant to "file in the district court . . . a copy of all process, pleadings, and orders served upon such defendant in [the pending State court] action").

**II.   DISCUSSION**

    A.   <u>Legal Standard</u>

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732, 732 (11th Cir. 1982), <u>cert. denied</u>, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  <u>United States v. Slay</u>, 714 F.2d 1093, 1095 (11th Cir. 1983), <u>cert. denied</u>, 464 U.S. 1050 (1984).

    B.   <u>Analysis</u>

Based on the Court's review of Defendant's Answer, the Court agrees with the Magistrate Judge's conclusion that Plaintiff's state court Complaint alleges a dispossessory action.  Defendant does not object to the R&R's finding that Plaintiff's Complaint does not present a federal question and that the parties are not diverse.  The Court does not find any plain error in these conclusions.  It is well-settled that federal-question jurisdiction exists only when a federal question is

presented on the face of a plaintiff's well-pleaded complaint and that the assertions of defenses or counterclaims based on federal law cannot confer federal question jurisdiction over a cause of action.  See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002); see also Lex Special Assets, LLC v. Harold, No. 1:10-cv-2937-TWT-ECS, 2010 WL 5108598, at *2 & n.5 (N.D. Ga. Nov. 10, 2010) (remanding dispossessory action for lack of subject matter jurisdiction even though defendant failed to attach a copy of the plaintiff's complaint to her notice of removal because "there [was] no indication that [plaintiff's] action relie[d] on anything but state—not federal—law"; defendant's assertion in her notice of removal that the state court dispossessory proceedings violated her constitutional rights could be construed as either a defense or a counterclaim based on federal law and were thus insufficient to confer federal question jurisdiction).  The record also does not show that Plaintiff and Defendant are citizens of different states, or that the amount in controversy exceeds the statutory threshold of $75,000.  See 28 U.S.C. § 1332(a); Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to

property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement.").

Because the Court lacks both federal question and diversity jurisdiction, the Magistrate Judge recommended that this action be remanded to the state court. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Defendant did not object to this recommendation and the Court finds no plain error in it.[3]

---

[3] To the extent Defendant appears to assert in her Notice of Removal that the Court has subject matter jurisdiction based on 28 U.S.C. § 1443 and violation of the Fair Housing Act, 42 U.S.C. § 3631 et seq., Defendant fails to allege any facts to support that she has been denied by, or cannot enforce in, the state court her rights under the Fair Housing Act. See, e.g., Shah v. Borden, No. 1:15-cv-1658-TWT, 2015 WL 4159948, at *2 ("Because Defendant has attempted to bring counterclaims pursuant to the Fair Housing Act, 28 U.S.C. § 1334, the Bill of Rights, and the Fourteenth Amendment, Defendant may be attempting to invoke jurisdiction pursuant to 28 U.S.C. § 1443 . . . [which] does not provide Defendant with a valid basis for removal jurisdiction"); 28 U.S.C. § 1443 (providing exception to the well-pleaded complaint rule for removal of an action that is "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States"); Georgia v. Rachel, 384 U.S. 780, 788 (1966) (Section 1443 requires defendant to show "both that the right upon which they rely is a 'right under any law providing for . . . equal civil rights,' and that they are 'denied or cannot enforce' that right in the courts of Georgia."); Rogers v. Rucker, 835 F. Supp. 1410 (N.D. Ga. 1993) (remanding dispossessory action where tenant asserted

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge J. Clay Fuller's Final Report and Recommendation [2] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action be **REMANDED** to the Magistrate Court of Gwinnett County, Georgia.

**SO ORDERED** this 12th day of January, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

counterclaim for violation of Fair Housing Act, but failed to allege facts to support that landlord's motive in bringing action was to deter tenant from engaging in protected activity or that Georgia law denies tenant ability to enforce her rights under the Fair Housing Act; tenant asserted only discriminatory treatment in service and maintenance of her apartment).  Removal is not proper based on 28 U.S.C. § 1443 and this action is required to be remanded for this additional reason.